UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DANIEL HERNANDEZ,

                Plaintiff,

v.                                          Case Number 12-cv-11916
                                          Honorable Thomas L. Ludington

CITY OF SAGINAW,

                Defendant.

_____/

**ORDER GRANTING IN PART DEFENDANT'S EMERGENCY
MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER**

Plaintiff Daniel Hernandez filed suit against his employer, Defendant City of Saginaw, in April 2012.  Plaintiff's complaint alleged that he was discriminated against because of his race and age.  Defendant answered, denying that it did any such thing.  A year passed.

Discovery closed on May 1, 2013.  On May 23, 2013, Plaintiff filed a pro se motion to voluntarily dismiss or adjourn the case to permit him to retain new counsel.  That motion remains pending, awaiting Defendant's response.  One week later, Defendant filed a motion for summary judgment.  That motion also remains pending.

On June 4, 2013, Plaintiff noticed a de benne esse deposition of Defendant's former chief of police, Gerald Cliff, for use at trial. Defendant, noting that discovery has closed and that its dispositive motion remains pending, has filed an emergency motion to quash the subpoena and direct that the deposition cannot occur until the pending dispositive motions have been decided.

"Generally speaking, a party does not have standing to quash a subpoena served on a third party." *Johnson v. Gmeinder*, 191 F.R.D. 638, 640 n. 2 (D. Kan. 2000) (citing *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997)).  There is an exception, however, for a third

-2-

party who has a personal right or privilege with respect to the subject matter requested in the subpoena.  *Laethem Equip. Co. v. Deere & Co.*, 05-CV-10113-BC, 2007 WL 2873981, at *16 (E.D. Mich. Sept. 24, 2007) (quoting *Green v. Sauder Mouldings, Inc.*, 223 F.R.D. 304, 306 (E.D. Va. 2004)).

Here, Defendant makes no argument that it has a personal right to be protected from the subpoena or that the information sought is privileged.  Consequently, Defendant does not have standing to quash the subpoena.

Defendant is, however, entitled to a protective order.  Federal Rule of Civil Procedure 26(c)(1) provides that the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."

Here, the deposition was noticed more than a month after the close of discovery. Dispositive motions are pending.  In light of this procedural history and the circumstances presented, Defendant is entitled to a protective order deferring any further depositions (de benne esse or otherwise) until the pending dispositive motions have been adjudicated.

Accordingly, it is **ORDERED** that Defendant's emergency motion to quash the subpoena and for a protective order (ECF No. 22) is **GRANTED IN PART**.  Plaintiff is prohibited from noticing depositions until the pending dispositive motions have been adjudicated.

Dated:  June 6, 2013

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

<div style="border:1px solid black">

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 6, 2013.

s/Tracy A. Jacobs
TRACY A. JACOBS

</div>