UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DANIEL HERNANDEZ,

                Plaintiff,

v.                                           Case Number 12-cv-11916
                                             Honorable Thomas L. Ludington

CITY OF SAGINAW,

                Defendant.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS COMPLAINT WITHOUT PREJUDICE AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS MOOT

Plaintiff Daniel Hernandez filed suit against his employer, Defendant City of Saginaw, in April 2012. Plaintiff's complaint alleged that he was discriminated against because of his race and age. Defendant answered, denying that it did any such thing. A year passed.

In May 2013, Plaintiff filed a pro se motion to voluntarily dismiss or, alternatively, adjourn the case to permit him to retain new counsel. One week later, Defendant filed a motion for summary judgment. The Court then directed both Plaintiff's counsel and Defendant to respond to Plaintiff's motion.

Plaintiff's counsel has done so, writing that although he diligently pursued Plaintiff's claims, he and his client are no longer communicating effectively. Plaintiff, for example, is no longer speaking to his attorney.[1]

Defendant has also filed a response, explaining that it objects to an adjournment because of the age of the case, but does not object to a voluntary dismissal without prejudice; that is, on

---

[1] Plaintiff's counsel also notes that Plaintiff's motion to dismiss mischaracterizes the financial agreement between the parties. Specifically, the parties have a contingency fee agreement that obligates the client to pay all expenses incurred in prosecuting the case. As this particular disagreement is not before the Court, no opinion is expressed on the issue.

two conditions. Specifically, Defendant relies on Federal Rule of Civil Procedure 41(d) and asserts that "should the Court grant [Plaintiff's] request, any re-filing should be conditioned on: (1) the full payment of the City's attorney fees incurred to date; and (2) the posting of a significant bond which would cover future costs and fees of duplicative work."

The Sixth Circuit, however, has concluded that attorney fees are not available under Rule 41(d). *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 874 (6th Cir. 2000) ("We now hold that attorney fees are not available under Rule 41(d)."); *see generally* Edward X. Clinton, Jr., *Does Rule 41(d) Authorize an Award of Attorney's Fees?*, 71 St. John's L. Rev. 81 (1997) (discussing circuit split on the issue).

That rule provides: "If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied." Fed. R. Civ. P. 41(d) (formatting omitted).

The Sixth Circuit observes that this rule "only speaks of 'costs' and does not mention attorney fees." *Rogers*, 230 F.3d at 875. Concluding that the rule makes the former available, but not the later, the court explains: "we think it improper to essentially re-draft the rule ourselves by reading into it language that is not there." *Id.* at 875–76.

Here, Plaintiff has not yet initiated a subsequent action "including the same claim against the same defendant." Fed. R. Civ. P. 41(d). In the event that Plaintiff does so, Defendant may be entitled to its costs — but not attorney fees. Until Plaintiff does so, however, Defendant's request for costs is premature.

But Defendant's argument that the case should be dismissed rather than held in abeyance has considerably more merit. The age of the case suggests that this is the sounder course (for

example, discovery has already closed and a dispositive motion has been filed). Moreover, Plaintiff himself asks first that the Court "allow Plaintiff to dismiss without [p]rejudice," and only in the alternative asks for an "adjournment." The case will be dismissed without prejudice.

Accordingly, it is **ORDERED** that Plaintiff's motion to dismiss (ECF No. 16) is **GRANTED** and Plaintiff's complaint is dismissed without prejudice.

It is further **ORDERED** that Defendant's motion for summary judgment (ECF No. 18) is **DENIED AS MOOT**.

It further **ORDERED** that Plaintiff's counsel is directed to serve a copy of this order on his client.

Dated: June 12, 2013

                                            s/Thomas L. Ludington
                                            THOMAS L. LUDINGTON
                                            United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 12, 2013.

                          s/Tracy A. Jacobs
                          TRACY A. JACOBS