UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DANIEL HERNANDEZ,

                Plaintiff,

v.                                                                                                  Case Number 12-cv-11916
                                                                                                    Honorable Thomas L. Ludington
CITY OF SAGINAW,

                Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S RULE 59 MOTION**

    Plaintiff Daniel Hernandez works for Defendant City of Saginaw as a police officer. Alleging that Defendant discriminated against him because of his race, age, and testimony in another case, Plaintiff brought this suit against Defendant.

    About a year later, Plaintiff requested that his complaint be dismissed without prejudice. Defendant, in turn, moved for summary judgment. In Defendant's motion, it noted that Plaintiff continues to be fully employed by the City and has never been terminated or disciplined. Rather, the two adverse employment actions Plaintiff identifies are: (1) his transfer from a gang task force back to road patrol after his defined term special assignment to that task force concluded in 2010; and (2) his union informing him that he was not eligible for another special assignment the following year because of the collective bargaining agreement.[1]

    The Court granted Plaintiff's request that his complaint be dismissed without prejudice. Since then, Plaintiff has realized that the statute of limitations has run on his claims. So he requests that the order dismissing his complaint be vacated pursuant to Federal Rule of Civil Procedure 59(e). The question is whether the Court's decision to honor Plaintiff's request to

---

[1] Defendant relayed that the CBA requires that an officer must be off special assignment for 24 months before receiving another special assignment.

dismiss his complaint was "manifestly unjust." For the following reasons, the question will be answered in the negative and Plaintiff's motion will be denied.

I

Plaintiff filed suit against Defendant in April 2012. Defendant answered, denying the allegations. The parties proceeded to discovery. A year passed.

In May 2013, Plaintiff filed a pro se motion to voluntarily dismiss his complaint or, alternatively, adjourn the case to permit him to retain new counsel. In his one page motion, Plaintiff succinctly asserted:

> Plaintiff has not been sufficiently advised or participated sufficiently in discovery, depositions, strategy, witnesses and other aspects of the case, despite requests to do so by Plaintiff. Plaintiff feels left in the dark. . . .
>
> Wherefore Plaintiff requests this Court allow Plaintiff to dismiss without prejudice for purposes of refilling [sic] with new counsel, or in the alternative, allow Plaintiff adequate time to procure new counsel with reasonable discovery.

Pl.'s Mot. to Dismiss 1 (formatting omitted). One week later, Defendant filed a motion for summary judgment. The Court then directed both Plaintiff's counsel and Defendant to respond to Plaintiff's motion.

Plaintiff's counsel did so, writing that he and his client were no longer communicating effectively. Plaintiff, for instance, was no longer speaking to his attorney. (Plaintiff's counsel has since withdrawn as counsel of record for Plaintiff.)

Defendant also filed a response. It explained that while Defendant objected to an adjournment because of the age of the case and pending summary judgment motion, Defendant did not object to a voluntary dismissal without prejudice.

The case was dismissed without prejudice on June 12, 2013. About a month passed. Plaintiff then filed a pro se motion to vacate the order dismissing the case pursuant to Rule 59(e).

## II

### A

Rule 59(e) provides: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." By its express terms, this rule applies to cases in which the court has entered "a judgment." Under the federal rules, a "judgment" is defined as "any order from which an appeal lies." Fed. R. Civ. P. 54(a). The threshold question is thus whether the order granting Plaintiff's motion for voluntary dismissal is appealable.

"Ordinarily a plaintiff cannot appeal an order granting a voluntary dismissal without prejudice under Rule 41(a)(2)." *Parrish v. Ford Motor Co.*, 299 F. App'x 856, 860 (11th Cir. 2008) (quoting *Versa Prods., Inc. v. Home Depot, USA, Inc.*, 387 F.3d 1325, 1327 (11th Cir. 2004)); *see generally* 9 Charles Alan Wright et al., *Federal Practice and Procedure* § 2376 (3d ed. 2008) ("A plaintiff normally has neither the reason nor the right to appeal a voluntary dismissal because the plaintiff has received the relief [he] requested."). Such an order is appealable, however, "if a new suit would be barred by the statute of limitations." *Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 923 (7th Cir. 2003);

Here, Plaintiff asserts that he faces such an obstacle, explaining: "Plaintiff now faces a statute of limitations bar, because this case was filed one day before the ninety day statutory requirement of filing after an EEOC ruling." Pl.'s Rule 59 Mot. 1.

Under the circumstances, the merits of Plaintiff's Rule 59(e) motion should be considered. *See, e.g.*, *Thompson v. Carpenters Union Local #10 Chi.*, 97 C 7406, 2004 WL

2271815 (N.D. Ill. Oct. 6, 2004) (addressing the merits of a plaintiff's Rule 59(e) motion regarding his motion for voluntary dismissal because the statute of limitations had run).

**B**

"Under Rule 59," the Sixth Circuit instructs, "a court may alter the judgment based on: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)).

District courts have "considerable discretion under Rule 59(e)." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citing *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990)). In exercising this discretion, however, courts are to remain conscious that relief under Rule 59(e) is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Int'l, Inc. v. Nu-Cape Constr., Inc.*, 169 F.R.D. 680, 685 (M.D. Fla. 1996) (citing *Penn. Ins. Guar. Ass'n v. Trabosh*, 812 F. Supp. 522 (E.D. Pa. 1992)).

**1**

Here, Plaintiff principally relies on the "manifest injustice" ground,[2] writing that "it would be manifest injustice if the case could not proceed because of a statute of limitations issue, when that was not the intent of the Plaintiff's motion, the Court's order, and not in accordance with justice." Pl.'s Br. 2. Plaintiff does not elaborate on his manifest injustice argument.

The "manifest injustice" ground is, it must be acknowledged, "an amorphous concept with no hard line definition." *In re Henning*, 420 B.R. 773, 785 (Bankr. W.D. Tenn. 2009)

---

[2] As discussed below, Plaintiff also raises a new evidence argument.

(citing *United States v. Jarnigan*, No. 3:08-CR-7, 2008 WL 2944902, at *2 (E.D. Tenn. 2008)).

As another court observes:

> As applied to Rule 59(e), no general definition of manifest injustice has ever been developed; courts instead look at the matter on a case-by-case basis. What is clear from case law, and from a natural reading of the term itself, is that a showing of manifest injustice requires that there exist a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy.

*McDaniel v. Am. Gen. Fin. Servs., Inc.*, 04-2667 B, 2007 WL 2084277, at *2 (W.D. Tenn. July 17, 2007) (citations omitted) (quoting *In re Bunting Bearings Corp.*, 321 B.R. 420, 423 (Bankr. N.D. Ohio 2004).

In *Marbury Law Group, PLLC v. Carl*, 729 F. Supp. 2d 78 (D.D.C. 2010), for example, an order was issued advising a pro se party (Carl) that his response to a motion to dismiss was "due by no later than November 30, 2009, and that failure to timely respond would result in the Court treating the motions as conceded and dismissing the action in its entirety." *Id*. at 81. The pro se party entrusted his timely drafted response to a professional courier service for delivery, which promptly delivered it to the wrong court. *Id*. The court concluded that under the circumstances it would be manifestly unjust to leave the order dismissing the action in place, explaining:

> The undisputed evidence in this case indicates that: Carl timely prepared and attempted to file an opposition to Marbury's motions to dismiss on November 30, 2009, as required; the opposition was mistakenly delivered to the Superior Court of the District Columbia through no apparent fault of Carl's; Carl sought to remedy this error as soon as it came to his attention; and Marbury does not oppose Carl's request for reconsideration.

*Id. at* 83. Accordingly, the court exercised its discretion and vacated the order dismissing the action. *Id*.

In contrast, the Sixth Circuit cautions, "manifest injustice" does not include a party attempting "to correct what has — in hindsight — turned out to be poor strategic decision." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999); *see also Oaks v. Allstate Ins. Co.*, CIV. 05-191-REW, 2007 WL 38375 (E.D. Ky. Jan. 5, 2007) ("Rule 59(e) is not a second opportunity for Plaintiff to correct his oversights.").

Here, Plaintiff seeks relief from the order granting his motion to dismiss because of his own actions and errors. He chose to seek dismissal of his complaint without determining the applicable statute of limitations. In hindsight, this was a poor decision. His oversight, however, does not establish the type of manifest injustice contemplated by Rule 59(e).

**2**

Next, Plaintiff raises a new evidence claim, writing: "Defendant's response to Plaintiff's motion, and Defendant's motion to quash the subpoena of Gerald Cliff, proves that Plaintiff was misled in a material way about a material issue, as further supported by Exhibit 1. This is new evidence since it was not apparent when Plaintiff filed his motion to dismiss without prejudice." Pl.'s Br. 2–3.

"To constitute newly discovered evidence," the Sixth Circuit explains, "the evidence must have been previously unavailable." *GenCorp*, 178 F.3d at 834 (quotation marks omitted). The evidence must also be material. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). "Evidence that will not change the result does not merit [relief]." 11 Charles Alan Wright et al., *Federal Practice and Procedure* § 2808 (3d ed. 2012) (collecting cases).

Here, Plaintiff attaches to his motion three emails. The first two were sent April 26; the third, May 7. Plaintiff filed his motion to voluntarily dismiss on May 23. None of this evidence is new.

Nor is any of the evidence that Plaintiff cites material. Collectively, it suggests that Plaintiff and his attorney disagreed about how discovery was being conducted (or not). But none of it demonstrates that the Court would have declined to grant Plaintiff the relief he requested, voluntary dismissal of his complaint. Plaintiff is not entitled to relief under Rule 59(e).

### III

Accordingly, it is **ORDERED** that Plaintiff's Rule 59(e) motion (ECF No. 28) is **DENIED**.

                                                  s/Thomas L. Ludington
                                                  THOMAS L. LUDINGTON
                                                  United States District Judge

Dated: August 12, 2013

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Daniel Hernandez at 9980 Lange Road, Birch Run, MI 48415 by first class U.S. mail on August 12, 2013
                              s/Tracy A. Jacobs
                              TRACY A. JACOBS